UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICKY CHARLES VOCLAIN                                      CIVIL ACTION

VERSUS                                                     NO. 14-274

L.P.C.C., ET AL.                                           SECTION "I"(1)

### REPORT AND RECOMMENDATION

Plaintiff, Ricky Charles Voclain, a state pretrial detainee, filed the instant *pro se* and *in forma pauperis*[1] civil rights complaint pursuant to 42 U.S.C. § 1983. He named as defendants the Lafayette Parish Correctional Center and "Doctor Bonnie," the Mental Health Director of that facility. Plaintiff claims that he was denied adequate medical care while incarcerated at the Lafayette Parish Correctional Center.

Because 42 U.S.C. § 1983 contains no specific venue provision, venue is determined pursuant to 28 U.S.C. § 1391, the general venue statute. See Jones v. Bales, 58 F.R.D. 453, 458 (N.D. Ga. 1972), aff'd, 480 F. 2d 805 (5th Cir. 1973). That statute provides:

A civil action may be brought in –

>  (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>  (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

---

[1] The Court directed the Clerk by separate Order to file this complaint without prepayment of a filing fee. The application for pauper status is deferred to the Western District of Louisiana for determination and collection pursuant to 28 U.S.C. § 1915.

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In the instant case, no defendant is alleged to reside in the Eastern District of Louisiana, and no part of the events or omissions giving rise to plaintiff's claims occurred within this district. However, all of those events or omissions occurred within Lafayette Parish, which lies within the geographical boundaries of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c).

Pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice. Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1999). Because venue is not proper in the Eastern District of Louisiana but would be proper in the Western District, the Court finds that it is in the interest of justice and fairness to the parties that this civil action be transferred to the Western District of Louisiana for further consideration.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this sixth day of February, 2014.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.